# EXHIBIT A

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF YORK ) SIXTEENTH JUDICIAL CIRCUIT
)
Randy L. Giles, ) CASE NO. 2015-CP-46-2871
)
Plaintiff, )
vs. ) CIVIL ACTION COVERSHEET
)
Clover School District, )
)
Defendant. )

RECEIVED SEP 25 2015 J. LEWIS CROMER & ASSOCIATES, L.L.C.

| Submitted By: Julius W. Babb, IV | SC Bar #: | 77216 |
| Address: J. Lewis Cromer & Associates, L.L.C | Telephone #: | 803-799-9530 |
| 1418 Laurel Street, Suite A (29201) | Fax #: | 803-799-9533 |
| P.O. Box 11675 | Other: | |
| Columbia, SC 29211-1675 | E-mail: | jayb@jlewiscromerlaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (*Check all that apply*)

☒ **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
☐ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case # 20____-CP-____-____
☐ Notice/ File Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Administrative Law/Relief**
☐ Reinstate Drv. License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Comm. (990)
☐ Employment Security Comm (991)
☐ Other (999)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☒ Other (699)–Race Discrimination; Retaliation; Defamation; Violation of ADEA & SC Human Affairs law
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Confession of Judgment (770)
☐ Petition for Workers Compensation Settlement Approval (780)
☐ Other (799)

Submitting Party Signature: *Julius W. Babb*    Date: September 16, 2015

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (06/2013)    Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.
2. The initial ADR conference must be held within 300 days after the filing of the action.
3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)
4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;
    b. Requests for temporary relief;
    c. Appeals
    d. Post Conviction relief matters;
    e. Contempt of Court proceedings;
    f. Forfeiture proceedings brought by governmental entities;
    g. Mortgage foreclosures; and
    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.
6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR. Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | SIXTEENTH JUDICIAL CIRCUIT |
| COUNTY OF YORK | CASE NO. 2015-CP-46 2871 |

Randy L. Giles,
                Plaintiff,

v.

Clover School District,
                Defendant.

SUMMONS

**TO THE DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the addresses shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

BY: _/s/ Julius W. Babb_
Julius W. Babb, IV (#77216)
**J. LEWIS CROMER & ASSOCIATES, L.L.C.**
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, South Carolina 29211
Phone 803-799-9530
Fax 803-799-9533

September 16, 2015
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF YORK<br><br>Randy L. Giles,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Clover School District,<br>　　　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>SIXTEENTH JUDICIAL CIRCUIT<br>CASE NO. 2015-CP-46 2871<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, Randy L. Giles, complaining of the Defendant herein, would respectfully allege as follows:

## PARTIES AND JURISDICTION

1. The Plaintiff is a citizen and resident of York County, South Carolina who is a white male and sixty (62) years of age; and he was previously employed in York County.

2. The Defendant Clover School District ("the District" or "School District") is a school district, which operates under and serves the residents of York County, South Carolina.

3. This action arises under Title VII, the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621; the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10 *et seq.*; and the laws of South Carolina. The Plaintiff appropriately filed charges with the Equal Employment Opportunity Commission and received his Notice of Right to Sue from the EEOC and South Carolina Human Affairs Commission; and this action is timely.

4. Jurisdiction and venue are proper in the Florence County Court of Common Please where this lawsuit is filed as defendant resides in York County, SC and the events described herein occurred in York County.

1

5. The Plaintiff demands a trial by jury all on claims brought herein.

## FACTUAL ALLEGATIONS

6. The Plaintiff was employed with the Defendant School District for nearly twenty (20) years and most recently served as a Custodian; he performed his job in an exceptional manner.

7. For approximately the first 18 years of his employment with the District, the Plaintiff worked as lead custodian at Bethany Elementary School.

8. In or around July 2012, the Plaintiff was transferred to Blue Eagle Academy as lead custodian; and he reported to the principal, Hezekiah Massey (black male). Plaintiff began having problems with another custodian there, Mary Mitchell (black female). Ms. Mitchell was insubordinate, disrespectful and hostile towards the Plaintiff. On numerous occasions, Ms. Mitchell put her hand up in Plaintiff's face instead of talking to him. Plaintiff reported this treatment to Principal Massey on numerous occasions throughout his time at Blue Eagle Academy, but it appeared as if nothing was done and the treatment continued.

9. Plaintiff was informed that he had two strikes against him, that he was white and male.

10. In or around May 2013, Plaintiff was offered and he signed an agreement to be lead custodian for the upcoming July 2013 to July 2014 term. Despite signing this agreement to be lead custodian for the upcoming year, Mr. Massey demoted the Plaintiff to a regular custodian position and awarded the position to Ms. Mitchell. This resulted in a loss of pay and status to the Plaintiff.

11. The hostile treatment by Ms. Mitchell continued. By way of example, she would force the Plaintiff to do the majority of the undesirable tasks compared to the other custodians such as cleaning up dead birds and rats, pressure washing and painting; she continued to talk to Plaintiff in a rude and disrespectful manner; and she also gave Plaintiff undesirable hours.

12. Plaintiff continued to complain of this hostile treatment to Mr. Massey, but the treatment continued. Plaintiff also complained about the hostile and discriminatory treatment he was receiving to other District administration including Ken Love, the Assistant Superintendent, Warren Barkley, the Human Resources Director, and Dr. Marc Sosne, the Superintendent. Plaintiff even provided a packet of information concerning the treatment and told one or more of the individuals that he felt it was a racial issue. However, nothing was done to remedy the situation.

13. In or around May 2014, Mr. Massey met with Plaintiff and told him they would not be renewing his contract and his last day of employment would be at the end of June 2014. Based on information and belief, Ms. Mitchell's daughter-in-law, Nina Mitchell, was hired to take the Plaintiff's position.

## FOR A FIRST CAUSE OF ACTION
## AGAINST THE DEFENDANT SCHOOL DISTRICT
### (Race Discrimination in Violation of Title VII and the South Carolina Human Affairs Law)

14. Where not inconsistent herewith, the Plaintiff realleges the foregoing paragraphs.

15. The actions taken by the Defendant, as described herein, violate the Plaintiff's rights under Title VII of the 1991 Civil Rights Act and amendments thereto.

16. After coming to Blue Eagle Academy and until he left employment, the Plaintiff was continuously targeted with severe and pervasive hostile treatment by Ms. Mitchell who was supported by Principal Massey. Such conduct was directed at Plaintiff, while the black custodians did not receive the same.

17. The Plaintiff, a white male, was unfairly demoted from his position as lead custodian and replaced by Ms. Mitchell, a black female who is lesser-qualified. The Plaintiff was then terminated from his position effective at the end of June 2014, and he was replaced with a lesser-

qualified black female. The reasons asserted for Plaintiff's demotion and termination are false and pretextual.

18. The actions taken by the Defendant, including the demotion, termination and hostile treatment were disparate and unfair; black employees were treated more preferentially; and were based upon the Plaintiff's race. These actions by Defendant's agents and employees action in the course of their employment amount to claims of race discrimination and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 and amendments thereto as well as a violation of the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10 *et seq*, for which the Defendant is liable.

19. As a direct and proximate result of the violations of his civil rights under Title VII by the Defendant, the Plaintiff suffered the loss of his job and benefits and sustained permanent impairment of his earning capacity as well as reputational, emotional and other intangible damages. The Plaintiff is entitled to an award of actual damages for the willful and intentional acts of the Defendant through its agents and employees, for reasonable attorney's fees and costs associated with this cause of action. Plaintiff further seeks an award of prejudgment interest to the extent allowed by law.

## FOR A SECOND CAUSE OF ACTION
## AGAINST THE DEFENDANT SCHOOL DISTRICT
### (Retaliation in Violation of Title VII and the South Carolina Human Affairs Law)

20. Where not inconsistent herewith, the Plaintiff realleges the foregoing paragraphs.

21. Furthermore, once the Plaintiff began making complaints to Mr. Massey and other District administration about the disparate and hostile treatment, he was removed from the position of lead custodian and ultimately terminated in retaliation for making such complaints and reports.

22. Such a demotion and termination are unlawful and constitute retaliation in violation of protected Civil Rights activities outlined in Title VII of the Civil Rights Act of 1964 and amendments thereto as well as a violation of the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10 *et seq*; as such, the Defendant School District is liable.

23. As a direct and proximate result of the violations of his civil rights Title VII by the Defendant, the Plaintiff suffered a loss in income and benefits as well as the loss of his job and emotional distress and other intangible damages. The Plaintiff is entitled to an award of actual for the willful and intentional acts of the Defendant through its agents and employees, for reasonable attorney's fees and costs of this cause of action. Plaintiff further seeks an award of prejudgment interest to the extent allowed by law.

## FOR A THIRD CAUSE OF ACTION
## AGAINST THE DEFENDANT SCHOOL DISTRICT
## (Violation of the ADEA and South Carolina Human Affairs Law)

24. The Plaintiff realleges paragraphs 1 through 34 aforesaid.

25. The Plaintiff, who is over 40 years old, was treated differently than the other younger custodians and he was terminated and replaced by a younger, less-qualified individual

26. The School District's termination of Plaintiff was pretextual and false and such conduct on the basis of age is unlawful.

27. The termination of Plaintiff by the Defendant School District and the preferential treatment of younger employees are based upon Plaintiff's age. These actions by Defendant's agents and employees, acting within the course and scope of their duties, violates the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621, and amendments thereto as well as a violation of the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-10 *et seq;* for which the Defendant School District is liable.

28. As a direct and proximate result of the violations of his civil rights under the ADEA by the Defendant, the Plaintiff suffered the loss of his job and benefits and sustained permanent impairment of his earning capacity as well as reputational, emotional and other intangible damages. The Plaintiff is entitled to an award of actual damages for the willful and intentional acts of the Defendant through its agents and employees, for reasonable attorney's fees and costs of this cause of action. Plaintiff further seeks an award of prejudgment interest to the extent allowed by law.

## FOR A FOURTH CAUSE OF ACTION
## AGAINST THE DEFENDANT SCHOOL DISTRICT
### (Defamation)

29. Where not inconsistent herewith, the Plaintiff realleges the foregoing paragraphs.

30. During Plaintiff's employment and continuing after termination, the Defendant published one or more false statements which were intended to impeach Plaintiff's reputation.

31. The defamatory statements at issue include accusing the Plaintiff of sleeping on the job instead of performing his duties, as well as stating that he is stupid and dumb. Moreover, the Defendant's actions such as condoning and perpetuating such statements and then terminating Plaintiff's employment amount to a defamatory inference.

32. Such words and actions are false and defamatory and also give rise to defamatory inferences that the Plaintiff was incompetent and unable to perform in his work and profession as a custodian.

33. The defamatory statements made by the Defendants were done so maliciously and recklessly with intent to destroy Plaintiff's professional reputation and career.

34. The defamatory statements were made with knowledge that they were false and without cause, and the District supported and ratified the conduct.

6

35. The statements made by the Defendants clearly denigrated Plaintiff's reputation, and accused him of engaging in conduct that would make him an undesirable employee to any employer.

36. Defendants published or caused to be published the defamatory statements alleged to unprivileged employees and other non-employee persons. Under South Carolina law, the defamatory statements at issue are defamatory *per se* as a matter of law, thereby entitling Plaintiff to recover presumed damages.

37. As a direct and proximate result of the Defendant's defamation, Plaintiff has suffered, continues to suffer, and will continue to suffer damage to his personal and professional reputation, loss of income, and mental anguish and humiliation. Plaintiff is also entitled to punitive damages for the reckless, willful, mean spirited conduct alleged herein. Plaintiff is further entitled to pre-judgment interest.

WHEREFORE, the Plaintiff prays for judgment against the Defendant School District for actual damages and against the Individual Defendants, jointly and severally, for actual and punitive damages to be assessed by a jury for the malicious, wanton and grossly negligent conduct described herein; Plaintiff further prays for the costs of these actions and attorney's fees.

BY: *Julius W. Babb*
Julius W. Babb, IV (#77216)
**J. LEWIS CROMER & ASSOCIATES, L.L.C.**
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax     803-799-9533

September 16, 2015
Columbia, South Carolina

7